# United States District Court
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Deutsche Bank National Trust Company formerly known as Bankers Trust Company of California, N.A., As Trustee for Asset Backed Securities Corporation Long Beach Home Equity Loan Trust 2000-LB1 | Case No. 1:06-cv-00823 |
| | District Judge Christopher A Boyko |
| Plaintiff | **DEFAULT JUDGMENT AND DECREE IN FORECLOSURE** |
| vs. | |
| George G. Gantner, et al. | |
| Defendants. | |

UNITED STATES DISTRICT JUDGE CHRISTOPHER A BOYKO

This matter is before the Court on the motion of Plaintiff Deutsche Bank National Trust Company formerly known as Bankers Trust Company of California, N.A.. As Trustee for Asset Backed Securities Corporation Long Beach Home Equity Loan Trust 2000-LB1's Motion for Default Judgment and Decree in Foreclosure. to obtain judgment upon the Note and against Dolores S. Gantner personally as described in the Complaint. to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

The Court finds that:

1. The following defendants are in default of Motion or Answer:

    a. George G. Gantner:
    b. Dolores S. Gantner:
    c. Gil Dromi:
    d. Manfred Von Saucken; and
    e. Unknown Tenants, if any, of 4390 Ridge Road. Brooklyn Ohio 44144.

2.     The Clerk's Entry of Default was filed herein on June 14, 2006.

Accordingly, the Court takes the allegations contained in the Complaint as true, including that, but for the borrower's discharge in bankruptcy, there would be due and owing to the plaintiff from the defendants, George G. Gantner and Dolores S. Gantner, upon the subject Note, the principal balance of $101,153.89, for which judgment is hereby rendered in favor of the Plaintiff, with interest at the rate of 11.1 percent per annum from September 1, 2005.

The Note is secured by the Mortgage held by the plaintiff, which mortgage constitutes a valid and first lien upon the following described premises (the "Property"):

> Situated in the City of Brooklyn, County of Cuyahoga and State of Ohio and known as being all of Sublot Nos. 61 and 62, and part of the vacated portion of West 74th Place in the Fortune Heights Subdivision of part of Original Brooklyn Township Lot No. 23 as shown by the recorded plat in Volume 89 of Maps, page 38 of Cuyahoga County Records and bounded and described as follows: Beginning on the Westerly line of Ridge Road, also known as West 73rd Street, 80 feet wide at the Northeasterly corner of said Sublot No. 61, thence Southerly along the Westerly line of West 73rd Street, 42 feet to the Southeasterly corner of said Sublot 62, thence Westerly along the Southerly line of said Sublot No. 62 and its Westerly prolongation 130 feet to the center line of West 74th Place, now vacated; thence Northerly along said center line of West 74th Place, now vacated, 42 feet to its intersection with the Westerly prolongation of the Northerly line of said Sublot No. 61; thence Easterly along said Westerly prolongation and along the Northerly line of said Sublot No. 61, a distance of 130 feet to the place of beginning, be the same more or less, but subject to all legal highways.

Parcel Number: 432-25-019

Commonly known as: 4390 Ridge Road, Brooklyn, Ohio

Taking as true the allegations contained in plaintiff's complaint, the Court finds that the Mortgage was filed for record on September 5, 2000, and recorded as Instrument Number 200009050166 in the Cuyahoga County Recorder's Office; that the mortgage, together with the Note, was assigned to the Plaintiff by an Assignment of Mortgage filed for record on April 13, 2006 as Instrument Number 200604130223 in the Cuyahoga County Recorder's Office; that the

conditions of said Mortgage have been broken: and that Plaintiff is entitled to have the equity of redemption of the defendants-titleholders foreclosed.

**IT IS THEREFORE**

**ORDERED**, that unless the sums hereinabove found to be due to Plaintiff Deutsche Bank National Trust Company formerly known as Bankers Trust Company of California, N.A.. As Trustee for Asset Backed Securities Corporation Long Beach Home Equity Loan Trust 2000-LB1, and the costs of this action, be fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendants-titleholders in said real estate shall be foreclosed and the real estate sold. free and clear of the interest of all parties herein, and an order of sale shall issue to the Master Commissioner. directing him to appraise, and sell same at public sale, as upon execution and according to law, after having the property advertised according to law. particularly 28 U.S.C. §§ 2001 and 2002. The Master Commissioner shall report his proceedings to this Court.

**ORDERED FURTHER**, that the Master Commissioner shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the event that an Order of Sale is returned by the Master Commissioner unexecuted. subsequent Orders of Sale shall issue in accord with the Court's instructions.

**ORDERED FURTHER**. that the Master Commissioner, upon confirmation of said sale, shall pay from the proceeds of said sale. upon the claims herein found. the amounts thereof in the following order of priority:

1. To the Treasurer of Cuyahoga County, the taxes and assessments. due and payable as of the date of transfer of the property after the Master Commissioner's Sale.

2. To the plaintiff Deutsche Bank National Trust Company formerly known as

Bankers Trust Company of California, N.A., As Trustee for Asset Backed Securities Corporation Long Beach Home Equity Loan Trust 2000-LB1, the sum of $101,153.89, with interest at the rate of 11.1 percent per annum from September 1, 2005.

3. To Plaintiff the sums advanced for real estate taxes, hazard insurance and property protection.

4. The balance of the sale proceeds, if any, shall be held by the Master Commissioner to await further orders of distribution by this Court.

The purchaser of the property being sold is hereby subrogated to all rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

Since Plaintiff is the first and best lienholder junior only to real estate taxes, if it is the successful bidder at the Master Commissioner's sale, Plaintiff shall not be required to make a deposit at the time of sale. Plaintiff shall pay the balance of all the Master Commissioner's costs due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an order confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

DATE: 12/8/06

JUDGE CHRISTOPHER A BOYKO
UNITED STATES DISTRICT JUDGE

G:\Cases - TM\06-04800\motion for default judgment and decree in foreclosure-060717-JJD.WPD